IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALICIA HILTIBRAND,                    *

        Plaintiff,              *

vs.                                   *
                              CASE NO. 4:03-CV-192(CDL)
LYNN'S HALLMARK CARD SHOP,             *
LYNN'S TOO, MAYO MANAGEMENT,
INC., and ADRIAN STEWART,              *

        Defendants              *

## O R D E R

Defendants' Motion for Summary Judgment (Doc. 22) is presently pending before the Court.  For the reasons set forth below, the motion is granted in part and denied in part.  Defendants' motion is denied as to Plaintiff's Title VII claim against Mayo Management, Inc. and Plaintiff's state law claims of tortious assault and battery and intentional infliction of emotional distress against Defendant Stewart.  Defendants' motion is granted as to each of Plaintiff's other claims.

## INTRODUCTION

This lawsuit arises from the alleged sexual harassment of Plaintiff by Defendant Stewart while they both were employed with Deb's Card Shop of Columbus, Inc.  ("Deb's Card Shop").  As a result of this alleged harassment, Plaintiff sued Mayo Management, Inc. ("Mayo Management"), Lynn's Hallmark Card Shop, and Lynn's Too pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  Plaintiff also asserts state law claims against these Defendants for negligent retention of Defendant Stewart, intentional infliction of emotional distress, and tortious

assault and battery.  Finally, Plaintiff brings state law claims against Defendant Stewart for intentional infliction of emotional distress and assault and battery.  Plaintiff inexplicably failed to sue her undisputed employer, Deb's Card Shop, but instead chose to name Lynn's Hallmark Card Shop and Lynn's Too as Defendants even though they are not legal entities but are simply the names of the stores owned and operated by Deb's Card Shop.

Defendants move for summary judgment on Plaintiff's Title VII claim, contending that Plaintiff's employer, Deb's Card Shop, has fewer than fifteen employees, and therefore, Plaintiff cannot prevail on her Title VII claim even if she had sued the proper party. Plaintiff responds that Defendant Mayo Management is a joint employer of Plaintiff, and when its employees are combined with those of Deb's Card Shop, the fifteen employee requirement of Title VII is satisfied.  Defendants also contend that they are entitled to summary judgment on Plaintiff's state law claims.

In evaluating Defendants' Motion for Summary Judgment, the Court must construe the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in her favor.  After giving the Plaintiff the benefit of all reasonable inferences, the Court may grant summary judgment only if no genuine issues of material fact remain to be tried.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Construing the record in Plaintiff's favor establishes the following.

## FACTUAL BACKGROUND

Deb's Card Shop, a Georgia corporation which is 100% owned by Harold Mayo, owns and operates two greeting card and novelty shops at

Peachtree Mall in Columbus, Georgia.  These two shops are known as Lynn's Hallmark Card Shop and Lynn's Too.  No evidence exists in the record as to whether Lynn's Hallmark Card Shop and Lynn's Too are registered trade names of Deb's Card Shop, but the record is undisputed that they are not separate legal entities.[1]

Plaintiff was an employee of Deb's Card Shop.  She worked as a cashier and stocker at Lynn's Too from November 22, 2002 until April 23, 2003, when Plaintiff alleges she was constructively discharged.  Plaintiff alleges that Defendant Stewart, who was also an employee of Deb's Card Shop, acted as her supervisor at Lynn's Too and that he sexually harassed her throughout her employment.  According to Plaintiff, he grabbed her bottom on a regular basis, kissed her thigh, hugged her, propositioned her, and made inappropriate comments on a regular basis.  Defendants deny these charges.  Plaintiff contends that the alleged sexual harassment gives rise to claims under Title VII and under various Georgia state law tort theories.

One of the issues in this case is whether Plaintiff's employer employed fifteen or more employees, thus triggering the application of Title VII.  An analysis of the relationship between Defendant Mayo Management and Deb's Card Shop is necessary to make that determination.  Harold Mayo (who owned 100% of the stock of Deb's Card Shop) and his wife Janet served as the corporate officers of Deb's Card Shop.  Harold Mayo also owns Defendant Mayo Management, an

---

[1]In other words, "Lynn's Hallmark Shop" and "Lynn's Too" are not sole proprietorships, partnerships, or corporations.  They are simply the names of the stores that are owned and operated by the corporation, Deb's Card Shop of Columbus, Inc.

Alabama corporation.  The identity of the corporate officers of Mayo Management is disputed.  The State of Alabama records reflect that Harold and Janet Mayo are the corporate officers, whereas the Mayos contend that their son, Gary Mayo, actually serves as president and secretary of Mayo Management.

Mayo Management provides "management services" to Deb's Card Shop and to other card, gift, and novelty stores owned by Harold Mayo and his sons, Gary and Gregg Mayo.  The "management services" provided by Mayo Management to Deb's Card Shop include overseeing the stores, their merchandise, and their operation.  Mayo Management handles the bookkeeping, bill payment, tax payment, invoice payment, supply provision, payroll, and management of the checking accounts for Deb's Card Shop.  Mayo Management determines what new stock each store will sell, although the store managers may place reorders as needed.  Mayo Management provides Deb's Card Shop with a procedures manual instructing the stores on their day-to-day procedures, including, *inter alia*, how to process invoices, close cash registers, handle money, open the store, process returns and exchanges, receive shipments of merchandise, calculate and report sales, and fill out employee time sheets.  Deviations from certain procedures in the manual require approval by Mayo Management.  Mayo Management provides an employment application styled "Mayo Management, Inc." for use in the stores.  Employees of Deb's Card Shop cannot receive a paycheck until Mayo Management receives the employee's application, W-4 form, and I-9 form.  Mayo Management provides detailed instructions for training new store employees, and it calculates the number of employee hours each store may schedule during particular times of the year.  Mayo Management promulgated the sexual harassment policy for

4

Deb's Card Shop.  This policy instructs employees and managers to advise Mayo Management of possible unlawful harassment and provides that Mayo Management will investigate any reported incident of harassment.

Harold Mayo is an employee of Mayo Management, and he is compensated out of management fees paid to Mayo Management by the stores, including Deb's Card Shop.  Harold Mayo determines the amount of the management fee to be paid by Deb's Card Shop.  In addition to providing management services to Deb's Card Shop in his capacity as an employee of Mayo Management, Harold Mayo makes some decisions regarding the operation of Deb's Card Shop in his capacity as its owner.  It is not clear which decisions regarding the operation of Deb's Card Shop are made in Harold Mayo's capacity as a Mayo Management employee and which are made in his capacity as the owner of Deb's Card Shop.

The Deb's Card Shop stores (Lynn's Hallmark Card Shop and Lynn's Too) are managed by Mary Stewart.[2]  Mary Stewart was hired to be manager of the Deb's Card Shop stores by Harold Mayo, and she considers Harold Mayo to be her boss.  Harold Mayo rarely visits the stores to supervise their operations.  Mary Stewart considers Gary Mayo, who is an employee of Mayo Management, to be her "district supervisor."  Gary Mayo makes five to eight supervisor visits to the stores per year, and Mary Stewart speaks with him once or twice per week regarding the day-to-day operations of the stores.  Gary Mayo approves the pay rate for new Deb's Card Shop employees, or at least acts as an intermediary between Harold Mayo and Mary Stewart when

---

[2] Mary Stewart is the wife of Defendant Stewart.  She is not a party to this action.

such decisions are made.  In addition, Gary Mayo advises Mary Stewart on display set-up and approves some employment decisions, such as the decision to put Defendant Stewart on the payroll.  Gary Mayo investigated the sexual harassment allegations made by Plaintiff in this case and made the decision not to take any disciplinary action against Defendant Stewart.

Neither Mayo Management nor Deb's Card Shop employed fifteen or more employees during at least twenty calendar weeks of 2002 and 2003.  However, Defendants do not dispute that together Mayo Management and Deb's Card Shop employed fifteen or more employees during at least twenty calendar weeks of 2002 and 2003.[3]

DISCUSSION

*1. Title VII Claims*

Defendants seek summary judgment as to Plaintiff's Title VII claim based upon the fact that Deb's Card Shop did not have fifteen or more employees in each of twenty or more calendar weeks in the current or preceding calendar year.[4]  In other words, Defendants argue that Plaintiff cannot prove that they are an "employer" for purposes of Title VII.  42 U.S.C. § 2000e(b); *see McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 932 (11th Cir. 1987) (plaintiff bears burden of proving that defendants are an "employer" within the

---

[3] Mayo Management employed at least four employees.  During 2002, Deb's Card Shop of Columbus did not employ fifteen or more employees for more than eight calendar weeks, but it did employ eleven or more employees during at least twenty calendar weeks.  During 2003, Deb's Card Shop of Columbus did not employ fifteen or more employees for more than nine calendar weeks, but it did employ eleven or more employees during fifty-two calendar weeks.

[4] Defendants have not attempted to show that there is no genuine issue of material fact as to the merits of Plaintiff's sexual harassment claim.

meaning of Title VII).  Preliminarily, the Court finds that neither Lynn's Hallmark Card Shop nor Lynn's Too was Plaintiff's employer. They are not even legal entities.  They are simply the names of the stores that are owned and operated by Deb's Card Shop.  Therefore, both Lynn's Hallmark Card Shop and Lynn's Too are entitled to summary judgment.  Since Plaintiff failed to sue Deb's Card Shop, the remaining issue to be decided regarding Plaintiff's Title VII claim is whether Defendant Mayo Management is deemed to be Plaintiff's employer for Title VII purposes.

It is clear from the record that Deb's Card Shop was Plaintiff's employer.  Plaintiff argues that Mayo Management was also her employer.  Plaintiff concedes that Deb's Card Shop did not have fifteen or more employees during twenty weeks of 2002 or 2003. However, she contends that Deb's Card Shop and Mayo Management should be considered as a single entity under the "single employer theory." *See McKenzie*, 834 F.2d at 933.  Together, Plaintiff asserts, these two entities employed enough employees to satisfy the Title VII requirement.[5]  Therefore, the Court must determine whether Plaintiff has presented sufficient evidence to create a genuine issue of material fact concerning whether Deb's Card Shop and Mayo Management should be treated as a single entity for Title VII purposes. *McKenzie*, 834 F.2d at 933; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  In making this determination, the Court must view the evidence in the light most favorable to Plaintiff and draw all justifiable inferences in her favor. *Anderson*, 477 U.S. at 255.

---

[5] Defendants do not dispute that together Mayo Management and Deb's Card Shop employed fifteen or more employees during at least twenty calendar weeks of 2002 and 2003.

7

The courts "accord a liberal construction to the term 'employer' under Title VII." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999). Therefore, in some circumstances the courts "look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise" in determining whether a plaintiff's employer has enough employees to come within the coverage of Title VII. *Id.* One such circumstance exists where two ostensibly separate entities are "'highly integrated with respect to ownership and operations.'" *McKenzie,* 834 F.2d at 933 (quoting *Fike v. Gold Kist, Inc.,* 514 F.Supp. 722, 726 (N.D. Ala.), *aff'd,* 664 F.2d 295 (11th Cir. 1981)). In determining whether two entities should be consolidated and counted as a single employer, the Eleventh Circuit applies the standard promulgated in NLRA cases by the National Labor Relations Board. *Lyes*, 166 F.3d at 1341. Factors considered under this standard include "'(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" *Id*. (quoting *McKenzie,* 834 F.2d at 933). None of these factors is conclusive. *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 994 (6th Cir. 1997).

Examining the four factors in the context of the instant case, the Court finds that the evidence in the present record is sufficient for a reasonable jury to conclude that Deb's Card Shop and Mayo Management are "highly integrated with respect to ownership and operations." First, evidence exists that Mayo Management exercised control over the day-to-day general business operations of the Deb's Card Shop stores. Though the two companies did not share office space, bank accounts, telephone numbers, or equipment, there is

evidence that Mayo Management dictated the procedures for day-to-day operations of the stores, that there was significant interchange of employees (Harold and Gary Mayo), and that the dealings between the two companies were not arms length transactions.[6]  Second, there is sufficient evidence from which a jury could conclude that Mayo Management exercised centralized control of labor relations and personnel.  Mayo Management employees hired and supervised Mary Stewart, manager of Lynn's Hallmark Card Shop and Lynn's Too, and approved employment decisions she made on behalf of the stores.  More importantly, though Mayo Management employees did not hire or fire Plaintiff, they did exercise control over certain aspects of the employment matters at issue in this case.  *See Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998) (focusing on the degree of control one entity had over the adverse employment decision).  Specifically, Mayo Management employees investigated the alleged sexual harassment, determining how to handle Plaintiff's complaint and deciding that no disciplinary action should be taken against Defendant Stewart; they approved putting Defendant Stewart on the payroll; and they promulgated a sexual harassment policy for Deb's Card Shop employees providing that reports of alleged harassment should be made to Gary Mayo, a Mayo Management employee. Third, there is sufficient evidence for a jury to conclude that Deb's Card Shop and Mayo Management had common corporate officers and key

---

[6] It is difficult to see how the dealings between Mayo Management and Deb's Card Shop were arms length transactions when the same person—Harold Mayo—was responsible for (1) determining what management services Mayo Management would provide, (2) deciding how much Deb's Card Shop would pay for the services, (3) providing services on behalf of Mayo Management, and (4) agreeing to the arrangement on behalf of Deb's Card Shop.

personnel.  Harold and Janet Mayo were reported as corporate officers for both companies to the Secretaries of State of Alabama and Georgia, and both Harold and Greg Mayo were employees of Mayo Management who made significant management decisions for Deb's Card Shop.  Finally, there is sufficient evidence for a jury to conclude that there was a nexus of shared financial ownership: it is undisputed that Harold Mayo owned both Mayo Management and Deb's Card Shop.  *See Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 343 (5th Cir. 2005) (finding common ownership or financial control when two corporations were formed and originally owned by one person and subsequently owned by two brothers, who were sons of the founder).

For these reasons, the Court finds that genuine issues of material fact exist to be tried on the issue of whether Deb's Card Shop and Mayo Management should be treated as a single employer for Title VII purposes.  Accordingly, Defendants' Motion for Summary Judgment is denied as to Plaintiff's Title VII claims.[7]

*2. State Law Claims*

In addition to her Title VII claims, Plaintiff seeks to hold Defendant Stewart and Defendants Lynn's Hallmark Card Shop, Lynn's Too, and Mayo Management liable under several Georgia tort theories,

---

[7]The Court recognizes that in light of this ruling this case is now in the curious posture of a Title VII claim being asserted solely against one of Plaintiff's alleged joint employers (Mayo Management) and not the other (Deb's Card Shop).  The Court cannot understand why the Plaintiff failed to sue both joint employers.  However, since the issue is not presently before the Court, the Court expresses no opinion at this time as to whether the pursuit of such a claim in this manner is appropriate under Title VII.

including tortious assault and battery, intentional infliction of emotional distress, and negligent retention of supervisor.[8]

a. Tortious Assault and Battery

Plaintiff claims that Defendant Stewart assaulted and battered her by engaging in harassing conduct, which included grabbing Plaintiff's bottom, kissing her thigh, and hugging her. Defendant Stewart committed the tort of battery if he intentionally made unjustified harmful or offensive contact with Plaintiff, and he committed the tort of assault if he intentionally caused fear or apprehension of a battery. See Vasquez v. Smith, 259 Ga. App. 79, 82, 576 S.E.2d 59, 61 (2003). Any unlawful touching—even minimal contact—is actionable. Darnell v. Houston County Bd. of Educ., 234 Ga. App. 488, 490, 506 S.E.2d 385, 388 (1998). Under Georgia law, "unlawful" contact is "offensive" contact, and "offensive" contact is contact that "proceeds from anger, rudeness, or lust." Newsome v. Cooper-Wiss, Inc., 179 Ga. App. 670, 672, 347 S.E.2d 619, 621 (1986). The test for offensiveness is "'what would be offensive to an ordinary person not unduly sensitive as to his dignity.'" Id. (quoting Prosser, Law of Torts, § 9, p. 37 (4th ed. 1971)). Based on the evidence before the Court, which includes Plaintiff's deposition testimony that Defendant Stewart grabbed Plaintiff's bottom, kissed her thigh, and hugged her without her consent, the Court concludes that a jury question exists as to whether Defendant Stewart committed tortious assault and battery. Therefore, summary judgment is not

---

[8] The Court notes that Plaintiff has not presented the Court with any legal argument regarding her state law claims, although she has challenged some of Defendants' factual assertions in her response to Defendants' statement of material and undisputed facts.

appropriate as to Plaintiff's tortious assault and battery claims against him.

As to Plaintiff's claims against the other Defendants, the Court finds, as previously noted, that neither Lynn's Hallmark Card Shop nor Lynn's Too was Defendant Stewart's employer.  It is undisputed that he was employed by Deb's Card Shop, which is not even a party to this lawsuit.  Therefore, these Defendants are entitled to summary judgment for this reason.  Furthermore, although Mayo Management may be considered a joint employer of Plaintiff for purposes of Title VII, the Court finds that for purposes of Plaintiff's state law tort claims, Mayo Management is not Defendant Stewart's employer based upon the evidence in the current record.  Therefore, Defendant Mayo Management is also entitled to summary judgment as to Plaintiff's state law claim for tortious assault and battery.

These Defendants would also be entitled to summary judgment even if they were considered to be Defendant Stewart's employers.  In general, an employer is not liable for an employee's intentional torts, including sexual harassment.  *See Trimble v. Circuit City Stores, Inc.*, 220 Ga. App. 498, 501, 469 S.E.2d 776, 779 (1996).  For Plaintiff to avoid summary judgment on this issue, she must present evidence that Defendant Stewart's alleged sexual harassment was committed in furtherance of his employer's business and was within the scope of Defendant Stewart's employment.  *See B.C.B. Co., Inc. v. Troutman*, 200 Ga. App. 671, 672, 409 S.E.2d 218, 219 (1991).  This, Plaintiff has not done.  Furthermore, although ratification could serve as a basis for liability of the Defendant Stewart's employers, Plaintiff has not presented evidence that the employer Defendants ratified the alleged harassment.  *See Chrysler Corp. v. Wilson*

*Plumbing Co., Inc.*, 132 Ga. App. 435, 441-42, 208 S.E.2d 321, 326 (1974) (noting that mere retention of employee after knowledge of the alleged act is not sufficient alone to amount to ratification); *see also Newsome*, 179 Ga. App. at 673, 347 S.E.2d at 622 (finding that question of fact existed on ratification issue because after being notified of alleged tortious misconduct by a supervisor, the employer discharged the employee complaining of harassment but retained the supervisor).   Therefore, the alleged employer Defendants would be entitled to summary judgment on Plaintiff's tortious assault and battery claim against them, even if they are deemed to be Plaintiff's employers.

   *b. Intentional Infliction of Emotional Distress*

   Plaintiff claims that Defendant Stewart's conduct amounted to intentional infliction of emotional distress.   The Georgia courts have placed a high burden on plaintiffs asserting claims for intentional infliction of emotional distress.   To prevail on her claim against Defendant Stewart, Plaintiff must prove that (1) Defendant Stewart's conduct was intentional or reckless, (2) Defendant Stewart's conduct was extreme and outrageous, (3) Defendant Stewart's conduct caused Plaintiff's emotional distress, and (4) Plaintiff's emotional distress was severe. *Hill v. City of Fort Valley*, 251 Ga. App. 615, 616, 554 S.E.2d 783, 785 (2001).   Defendants contend that even assuming Plaintiff's allegations as to Stewart's conduct to be true, Stewart's conduct as a matter of law still falls short of intentional infliction of emotional distress under Georgia law.

   Construing all reasonable inferences in Plaintiff's favor as required at this stage of the proceedings, the Court finds that

genuine issues of material fact exist to be tried as to Defendant Stewart's liability for intentional infliction of emotional distress. Therefore, Defendant Stewart's Motion for Summary Judgment is denied as to this claim.[9]  However, for the same reasons discussed *supra* in the Court's discussion of Plaintiff's tortious assault and battery claims, Mayo Management, Lynn's Hallmark Card Shop, and Lynn's Too are entitled to summary judgment on this claim.  They are not Defendant Stewart's employer, and even if they were, Plaintiff has presented no evidence that Defendant Stewart's alleged sexual harassment of Plaintiff was committed in furtherance of the alleged employer's business and was within the scope of Defendant Stewart's employment or that the alleged employer Defendants ratified the alleged harassment.

   *c. Negligent Retention of Supervisor*

   Under Georgia law, a cause of action exists for negligent retention of an employee who sexually harasses another employee. *H.J. Russell & Co. v. Jones*, 250 Ga. App. 28, 30, 550 S.E.2d 450, 453 (2001).  This cause of action may be stated only if "the employer, in the exercise of reasonable care, should have known of an employee's reputation for sexual harassment and that it was foreseeable that the employee would engage in sexual harassment of a fellow employee but he was continued in his employment."  *Id.*  *Accord Harvey v. McLaughlin*, 198 Ga. App. 105, 107-08, 400 S.E.2d 635, 636-37 (1990); *see also Herrin Bus. Prods., Inc. v. Ergle* 254 Ga. App. 713, 717, 563

---

[9] The Court notes that notwithstanding its resolution of this issue at this stage in favor of Plaintiff, it does so with doubts and reservations based upon conflicting cases under Georgia law.  Therefore, it will reexamine the issue *de novo* at trial if presented with a motion for judgment as a matter of law.

S.E.2d 442, 446 (2002) (noting that negligent retention claim requires that the "employer knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury").

For the same reasons previously stated, the present record clearly reveals that neither Mayo Management, nor Lynn's Hallmark Card Shop, nor Lynn's Too was Defendant Stewart's employer for purposes of Plaintiff's state law claims.  Therefore, Plaintiff cannot prevail on her negligent retention claim against these Defendants.  That claim must be asserted against the proper employer, which is Deb's Card Shop.  Moreover, even if these Defendants were deemed to be Defendant Stewart's employer, Plaintiff still could not prevail under the record presently before the Court.

Plaintiff has pointed the Court to no evidence that these Defendants knew or should have known that Defendant Stewart had any propensity to engage in sexual harassment.  Plaintiff did not complain about Defendant Stewart to her coworkers or to her family until she left her employment.  Plaintiff has pointed the Court to no evidence tending to suggest that any other employee at Lynn's Hallmark Card Shop, Lynn's Too, or any other place where Defendant Stewart was employed had ever made a complaint of sexual harassment against Defendant Stewart or that Defendant Stewart had a reputation of sexually harassing other employees.  For these reasons, Defendants are entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 22) is denied as to Plaintiff's Title VII claim

15

against Mayo Management and as to Plaintiff's state law claims of tortious assault and battery and intentional infliction of emotional distress against Defendant Stewart.  Defendants' Motion for Summary Judgment is otherwise granted as to all of Plaintiff's remaining claims.

IT IS SO ORDERED, this 28th day of September, 2005.


S/Clay D. Land
     CLAY D. LAND
UNITED STATES DISTRICT JUDGE